**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**GHAZI AHMED,**

      **Plaintiff,**          **CIVIL ACTION NO. 08-CV-13358**

  **VS.**                        **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**L & W ENGINEERING**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**COMPANY,**

      **Defendant.**

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANT'S DISCOVERY REQUESTS (DOCKET NO. 9)**

This matter comes before the Court on Defendant's Motion to Compel Plaintiff's Responses To Defendant's Discovery Requests filed on November 3, 2008. (Docket no. 9). Plaintiff did not file a Response and the time for responding has now expired. (Docket no. 11). The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 10). The Court dispenses with oral argument on this motion. E.D. Mich. LR 7.1(e). (Docket no. 11). This motion is now ready for ruling.

Defendant shows that it served its First Set of Interrogatories and First Request for Production of Documents on September 2, 2008. (Docket nos. 9-2, 9-3). This set of discovery requests consisted of fourteen Interrogatories and twelve Requests for Production. (Docket nos. 9-2, 9-3). Plaintiff's responses were due on October 6, 2008. Fed. R. Civ. P. 6(d), 33, 34. Defendant alleges that on October 6, 2008 Plaintiff's counsel requested an extension of time to respond until October 10, 2008, to which Defendant agreed. Defendant alleges that Plaintiff did not respond by October 10, 2008. (Docket no. 9). On October 17, 2008 Defendant's counsel sent a letter to

Plaintiff's counsel asking Plaintiff to provide answers and responses by October 20, 2008 or Defendant would file a Motion to Compel. (Docket no. 9-4). Plaintiff did not respond and as of the date of Defendant's motion, Plaintiff had not provided answers, responses or objections to Defendant's discovery requests.

Defendant asks the Court to order Plaintiff to fully and completely answer Defendant's Interrogatories and produce all documents sought by Defendant's Requests for Production within seven days of ruling on this Motion. Defendant contends that Plaintiff has waived any objections to its discovery requests by failing to timely serve objections. Finally, Defendant asks that it be awarded its costs and attorney fees incurred in filing this motion. Fed. R. Civ. P. 37(a)(5).

Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiff's responses to Defendant's Interrogatories and Requests for Production were due within 30 days after service of the discovery request. Plaintiff did not respond to Defendant's Motion to Compel and does not dispute that he did not timely respond. "As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 'constitutes a waiver of any objections.'" *Carfagno v. Jackson National Life Ins.*, 2001 U.S. Dist. LEXIS 1768 *3 (W.D. Mich. Feb. 13, 2001) (no exception for work product and attorney-client material under the waiver); *see also* Fed. R. Civ. P. 33(b)(4); *Phillips v. Dallas Carriers Corp.*, 133 F.R.D. 475, 477 (M.D.N.C. 1990) (Rule 34 waiver). "[C]ourts will examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable." *Carfagno*, 2001 U.S. Dist. LEXIS 1768 at *5-6.

As an initial matter, the Court will consider whether Defendant's discovery requests are relevant and proper. Plaintiff's remaining claim is for violation of Title VII of the Civil Rights Act

and includes allegations related to Plaintiff's work experience and qualifications, his national origin and religion, and claims for loss of income and benefits and mental and emotional distress. (Docket no. 1). Therefore, inquiry into these matters is relevant under Rule 26(b). The Court finds that Defendant's twelve Requests for Production and fourteen Interrogatories are proper and relevant to the claims and defenses of the parties. Fed. R. Civ. P. 26(b).

Next, Plaintiff neither timely responded nor timely objected to the requests and interrogatories. Timely objections are objections made within 30 days after the service of the requests or interrogatories. Fed. R. Civ. P. 33(b)(2), 34(b). Plaintiff has not responded to Defendant's Motion to Compel and has not shown good cause why the Court should relieve Plaintiff of the consequences of its waiver. Plaintiff has not shown how he will be prejudiced by waiving his objections. *See Carfagno,* 2001 U.S. Dist. LEXIS 1768 *7-8 ("failure to provide the court with information of sufficient specificity to permit the court to determine whether the privilege asserted applies . . . provides an independent ground for finding a waiver of any privilege or immunity").

The Court finds that Plaintiff waived any objections to production of the documents requested by Defendant's First Request for Production of Documents and answers to Defendant's First Set of Interrogatories. The Court will grant Defendant's Motion to Compel in part and will give Plaintiff until January 16, 2009 to fully respond without objection, in light of the ample time Plaintiff has had to gather the requested documents. The Court finds that the award of expenses in this matter is unjust and will decline to award attorneys fees and costs at this time. Fed. R. Civ. P. 37(a)(5).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Plaintiff's Responses To Defendant's Discovery Requests (docket no. 9) is **GRANTED** to the extent that Plaintiff must serve full and complete responses and responsive documents without objections to Defendant's First Set of Interrogatories and First Request for Production of Documents by 5:00 p.m. on Friday, January 16, 2009.

**IT IS FURTHER ORDERED** that Defendant's request for attorneys fees and costs is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: January 08, 2009　　　　　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: January 08, 2009　　　　　　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy