**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**GHAZI AHMED,**

      **Plaintiff,**      **CIVIL ACTION NO. 08-CV-13358**

 **VS.**      **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**L & W ENGINEERING**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**COMPANY,**

      **Defendant.**
                                      /

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 20), GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL (DOCKET NO. 22) AND DENYING DEFENDANT'S MOTION TO STRIKE (DOCKET NO. 31)

This matter comes before the Court on three motions. The first motion is Plaintiff's Motion to Compel Defendant to Answer Plaintiff's Interrogatory No. 1 Of Plaintiff's Second Set Of Discovery ("Plaintiff's Motion to Compel") filed on April 22, 2009. (Docket no. 20). Defendant filed a Response in Opposition on May 8, 2009. (Docket no. 29). The second motion is Defendant's Motion to Compel Plaintiff's Signed Answers To Defendant's Second Interrogatories And Second Request For Production Of Documents And To Compel Plaintiff's Answers To Defendant's Third Interrogatories, Third Request For Production Of Documents And Fourth Request For Production Of Documents ("Defendant's Motion To Compel") filed on April 27, 2009. (Docket no. 22). The Court struck Plaintiff's untimely Response filed on June 9, 2009. (Docket no. 25, 41, 56). The Court also struck Defendant's Supplemental Brief In Support which was filed without leave on May 13, 2009. (Docket no. 30, 55). The third motion is Defendant's Motion To Strike Plaintiff's First Amended Witness List ("Defendant's Motion To Strike") filed on May 15, 2009. (Docket no. 31). Plaintiff filed a Response To Defendant's Motion To Strike on June 2, 2009. (Docket no. 40). The

parties filed a Joint Statement Of Resolved And Unresolved Issues as to each Motion on June 16, 2009. (Docket nos. 44, 45, 46). The matters have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 21, 24, 35). The parties' counsel appeared for hearing on these matters on June 24, 2009. The matters are now ready for ruling.

**I.     Plaintiff's Motion To Compel (Docket no. 20)**

Plaintiff served a Second Set of Interrogatories and Requests for Production of Documents on March 19, 2009. Defendant served responses on April 20, 2009. Plaintiff seeks to compel Defendant's complete response to Interrogatory No. 1[1] which states, "Produce the following material pertaining to Plaintiff Ghazi Ahmed and Frances Mathis: a) Sort logs from customers; (b) Daily audit reports; (c) Dock audit reports; (d) Production sheets for running a machine press; and (e) Expense reports." Defendant responded that it "objects to Request No. 1 on the basis that it is vague, overbroad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and unlimited in time and scope."

Plaintiff's one sentence brief in support merely references "FRCP 2.313." Plaintiff provided no further legal authority or explanation of the relevance of this material prior to making arguments at the hearing. Plaintiff has mischaracterized this discovery request in his motion as an "interrogatory," yet it solely asks Defendant to "produce" documents. Defendant explained in its brief that Ms. Mathis is a female co-worker who Plaintiff claims should have been laid off instead of him. Defendant points out that Ms. Mathis was laid off in a subsequent round of lay-offs occurring over a year later.

---

[1] At the hearing the parties announced that prior to the hearing they had resolved "15(g)" and Plaintiff had received the "personnel file." This issue does not appear in Plaintiff's Motion to Compel and was never before this Court.

2

In support of its arguments that this Request/Interrogatory is unduly burdensome, overbroad and irrelevant, Defendant states that the request is not limited in scope of time, Plaintiff worked for Defendant for 10 years and Ms. Mathis was employed for 5 years, some of the documents no longer exist due to a document retention policy and to the extent Defendant kept a portion of these documents, they are mixed in with thousands of other documents and could not be segregated without going through each and every document. To the extent Plaintiff requests reports related to running a machine press, Defendant argues that he and Ms. Mathis were Quality Technicians, not Machine Operators. Plaintiff argues that they ran machine presses on occasion. Finally, Defendant argues that sort logs, daily audit reports and dock audit reports are irrelevant and Defendant provided with his response brief the deposition testimony of two supervisors who performed Plaintiff's evaluation and did not refer to any of these documents when they performed Plaintiff's and Mathis's evaluations. At the hearing Plaintiff argued that the material is relevant because the supervisor had stated in his deposition that Ms. Mathis kept better paperwork. Plaintiff has offered to limit his Interrogatory to the two year time period of 2006 and 2007 when Plaintiff and Ms. Mathis both worked for Defendant.

In light of Plaintiff's argument that the material is relevant to the supervisor's testimony, Plaintiff's limitation to the two year period, and Defendant's counsel's statement that it does not retain many of these documents due to its document retention policies, the Court will order Defendant to amend its answer to Interrogatory (sic) No. 1 and produce the responsive documents for the years 2006 and 2007 or otherwise state by subpart that it does not have the documents or items within its possession, custody or control and the policy or reason it does not have such documents. Fed. R. Civ. P. 26(b)(1), 34(a)(1).

3

**II.      Defendant's Motion To Compel (Docket no. 22)**

Defendant served a series of discovery requests on Plaintiff between November 20, 2008 and March 18, 2009 to which Plaintiff had not responded at the time of Defendant filing this motion on April 27, 2009[2]. Although Plaintiff alleged that it produced answers to Defendants' discovery requests on April 29, 2009, after Defendant filed its Motion to Compel, Defendant in the Joint Statement argued that the responses and answers to the following remained deficient:

   A.   Whether Plaintiff should be ordered to supply a full and complete answer to Defendant's Third Set of Interrogatories, Interrogatory No. 1;

   B.   Whether Plaintiff should be ordered to produce all documents requested by Defendant's Third Request For Production, Request No. 3;

   C.   Whether Plaintiff should be ordered to produce all documents requested in Defendant's Fourth Request for Production of Documents; and

   D.   Whether Defendant should be awarded costs and attorneys' fees and/or other sanctions because Plaintiff is in violation of the Court's January 1, 2009 Order.

The issue of unsigned interrogatories was resolved by the parties prior to the hearing.

---

[2] Defendant served its Second Sets of Interrogatories and Requests for Production on November 20, 2008. Plaintiff's responses, answers and objections were due on December 26, 2008. Fed. R. Civ. P. 33(b)(2), 34(b)(2). Plaintiff served unsigned answers to the interrogatories and response to the request for production on January 12, 2009. Plaintiff served untimely signed answers to the interrogatories until April 29, 2009. Fed. R. Civ. P. 33(b)(5).
   Defendant served its Third Set of Interrogatories and Third Set of Requests for Production on March 9, 2009. Plaintiff's answers, responses and objections were due April 13, 2009. Plaintiff served untimely answers and responses on April 29, 2009.
   Defendant served its Fourth Request for Production on March 18, 2009. Plaintiff's responses were due on April 20, 2009. Plaintiff served untimely responses on April 29, 2009.

4

### A.     *Defendant's Third Set of Interrogatories, Interrogatory No. 1*

Defendant's Interrogatory No. 1 from its Third Set of Interrogatories asks that "[W]ith regard to each lay witness listed on plaintiff's Witness List, state the expected substance of this person's testimony and/or the reason why Plaintiff would call this person to offer testimony at the trial." (Docket no. 22-9).  Defendant argues that Plaintiff's April 29, 2009 answer provides information on only nine of the 38 individuals listed on Plaintiff's witness list and no information on two individuals named in Plaintiff's First Supplemental Witness List filed on April 29, 2009.  (Docket no. 45). At the hearing Plaintiff agreed to supplement his answer and state that Plaintiff does not intend to call lay witnesses other than these nine (and presumably the two new witnesses) at trial.  The Court will order Plaintiff to supplement his answer as agreed to at the hearing for the listed witnesses.

### B.     *Third Request for Production, Request No. 3*

Rule 34, Fed. R. Civ. P., provides that a party may serve on any other party a request "to produce and permit the requesting party . . . .to inspect, copy, test or sample the following items in the responding party's possession, custody or control."  "The word 'control' is to be broadly construed.  A party controls documents that it has the right, authority, or ability to obtain upon demand." *Scott v. AREX, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989).  Furthermore, "For each item or category, the response must either state that inspection and related activities will be permitted as requests or state an objection to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  "An objection to a party of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(C).

Plaintiff's response of "not applicable" is not a proper answer or response to any of the discovery requests.  Fed. R. Civ. P. 37 (a)(4) provides that "an evasive or incomplete disclosure,

5

answer, or response must be treated as a failure to disclose, answer or respond."  Prior to the hearing the parties resolved the issue with respect to Defendant's Third Request for Production, Request No. 3 and agreed that Plaintiff will serve amended response stating that he does not have the documents rather than stating "not applicable."  The Court will order Plaintiff to serve an amended response to Defendant's Third Request for Production to indicate in all responses whether he has produced all responsive documents within his possession, custody or control.  Fed. R. Civ. P. 34(a)(1).

### C. *Defendant's Fourth Request for Production of Documents*

Defendant's Fourth Request for Production of Documents asks Plaintiff to produce "all exhibits which will be introduced at trial."  (Docket no. 22-10).  The parties resolved this issue prior to the hearing and Plaintiff agreed to produce a collection of exhibits which will be introduced at trial.  The Court will so order.

### D. *Defendant's Request for Attorney Fees and Costs*

Defendant moves the Court for attorneys fees and costs incurred in bringing this Motion under 37(a)(5) and because Plaintiff violated this Court's prior discovery order in responding to the discovery requests which are the subject of Defendant's current motion.  The Court need not decide whether Plaintiff is in violation of the earlier order because Rule 37(a)(5) provides that "[i]f the motion is granted- or if the disclosure or requested discovery is provided after the motion was filed- the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the  party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  In this instance, Plaintiff did not serve its untimely answers and

6

responses until after Defendant filed its motion. The Court will order Plaintiff to pay Defendant's reasonable attorney's fees expenses incurred in connection with Defendant's Motion to Compel. (Docket no. 22).

### III.     Defendant's Motion To Strike Plaintiff's First Amended Witness List (Docket no. 31)

Defendant moves for an order striking Plaintiff's First Amended Witness List filed on April 29, 2009. (Docket no. 26, 31). Pursuant to the Court's Scheduling Order, witness lists for both lay and expert witnesses were due on February 20, 2009. (Docket no. 8). The parties filed their witness lists on February 20, 2009. (Docket no. 17). On April 29, 2009, eight days after the discovery deadline, Plaintiff filed a First Amended Witness List which added Sanaa Haider, therapist at ACCESS, and Abdullahi Mohammed, M.D., psychiatrist, of ACCESS. (Docket no. 26). Neither of these witnesses appear on Plaintiff's original Witness List. At the hearing, Plaintiff's counsel stated that he would provide the treatment records for these providers to Defendant. At the hearing, the Court ordered Plaintiff to produce the records to the Court for in camera review. Plaintiff provided the records to the Court and served them on opposing counsel on June 29, 2009.

Plaintiff filed the First Amended Witness List after the deadline and without moving to amend the list. Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause is met by determining the moving parties' diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order. *See Leary v. Deaescher*, 349 F.3d 888, 906 (6th Cir. 2003).

The parties agree that these new witnesses began treating Plaintiff after the witness list deadline. Despite Defendant's speculation that Plaintiff added these additional treatment providers in an attempt to circumvent testimony of two previously named medical providers, Plaintiff's counsel stated at the hearing that counselor Haider took over Plaintiff's care from a prior counselor who was listed on the witness list and Plaintiff was referred to Dr. Mohammed through his therapy at ACCESS. (Docket no. 17).

Defendant also argues that Plaintiff received treatment from Dr. Mohammed in March 2009, before the discovery cut-off date and Plaintiff did not supplement Interrogatory No. 10 in Defendant's First Set of Interrogatories which asked Plaintiff to identify his treatment providers. Plaintiff's counsel argues that as soon as it became known to counsel that Plaintiff was treating with these individuals, Plaintiff filed the First Amended Witness List. Plaintiff has not yet been examined by Defendant's medical health experts and the parties agreed to conduct Plaintiff's independent medical examinations ("IME") after the close of discovery if necessary, although this is due to Plaintiff's failure to appear for two scheduled IMEs.

The Court finds that any prejudice to Defendant in adding the two new witnesses is minimal where trial is set on the trailing trial docket for September 1, 2009 and Plaintiff has not yet undergone the IMEs. Furthermore, there is no evidence of bad faith on Plaintiff's part in treating with a new counselor and psychiatrist at this time and under these circumstances and Plaintiff was diligent in adding the new witnesses, who were unknown prior to the witness list deadline. The Court will deny Defendant's Motion to Strike and allow the filing of Plaintiff's Amended Witness List. ( Docket no. 8).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Defendant To Answer Plaintiff's Interrogatory No. 1 Of Plaintiff's Second Set Of Discovery (docket no. 20) is **GRANTED in part** and Defendant will serve on or before July 27, 2009 an amended Response with responsive documents to Plaintiff's Interrogatory No. 1 as set forth above.

**IT IS FURTHER ORDERED** that Defendant's Motion To Compel Plaintiff's Signed Answers To Defendant's Second Interrogatories And Second Request For Production Of Documents And To Compel Plaintiff's Answers To Defendant's Third Interrogatories, Third Request For Production Of Documents And Fourth Request For Production Of Documents (docket no. 22) is **GRANTED** as set forth herein and Plaintiff will serve on or before July 27, 2009 amended responses and answers as agreed to by the parties and as set forth herein.

**IT IS FURTHER ORDERED** that Defendant's request for attorneys fees and costs in its Motion to Compel (docket no. 22) is **GRANTED** and Defendant will file on or before July 21, 2009 a Bill of Costs for the reasonable expenses including attorney's fees associated with Defendant's Motion to Compel (docket no. 22) and an affidavit in compliance with E.D.Mich. LR 54.1.2(b) setting forth in detail the number of hours spent on Defendant's Motion to Compel (docket no. 22) and including but not limited to the other information required under E.D.Mich. LR 54.1.2(b).  Plaintiff may file a Response to Defendant's Bill of Costs and affidavit on or before July 31, 2009.

**IT IS FURTHER ORDERED** that Defendant's Motion To Strike Plaintiff's First Amended Witness List (docket no. 31) is **DENIED**.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: July 15, 2009                              s/ Mona K. Majzoub
                                                  MONA K. MAJZOUB
                                                  UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.


Dated: July 15, 2009                              s/ Lisa C. Bartlett
                                                  Courtroom Deputy