**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**GHAZI AHMED,**

       **Plaintiff,**          **CIVIL ACTION NO. 08-CV-13358**

  **VS.**                              **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**L & W ENGINEERING**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**COMPANY,**

       **Defendant.**

                          /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR NON-ECONOMIC/EMOTIONAL DISTRESS DAMAGES AND/OR TO COMPEL PLAINTIFF'S ATTENDANCE AT INDEPENDENT MEDICAL EXAMINATIONS (DOCKET NO. 38)**

      This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Claim For Non-Economic/Emotional Distress Damages and/or To Compel Plaintiff's Attendance At Independent Medical Examinations filed on May 29, 2009. (Docket no. 38). Plaintiff did not file a Response and the time for responding has now expired. (Docket no. 43). The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 39). The Court dispenses with oral argument on this motion. E.D. Mich. LR 7.1(e). (Docket no. 43). This motion is now ready for ruling.

      Defendant files this motion seeking to dismiss Plaintiff's claim for non-economic/emotional damages and/or compelling Plaintiff's attendance at independent medical examinations (IMEs) with Defendant's named experts, to allow Defendant to submit its expert report after the time specified in Fed. R. Civ. P. 26(a)(2) regarding disclosure of expert testimony, to award Defendant costs and fees incurred due to Plaintiff's failure to appear for the IMEs as scheduled, including costs and/or

fees charged by Defendant's expert witnesses for Plaintiff's failure to appear for examinations on two different dates, and awarding Defendant costs and attorney fees incurred in filing its motion. (Docket no. 38). Defendant also filed with the Court two affidavits with attached bills and/or statement of fees for professional services showing the fees incurred for Plaintiff's missed IMEs. (Docket no. 52, 53). The Court will treat this Motion as a Motion to Compel Plaintiff's Attendance At Independent Medical Examination pursuant to Fed. R. Civ. P. 35, which is consistent with it having been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 39).

Plaintiff did not file a response to Defendant's Motion. Plaintiff filed a Statement of Resolved And Unresolved Issues on June 22, 2009. (Docket no. 51). Plaintiff's statements allege that he did not attend the IME scheduled for May 14, 2009 because his wife had a baby on the evening of May 13, 2009. (Docket no. 51). Plaintiff states that "Plaintiff contacted his counsel very early the morning of May 14, 2009 and informed counsel that he was unable to attend the May 14, 2009 IME. Plaintiff did not attend the scheduled IME on May 22, 2009 due to his wife being ill from her recent delivery and Plaintiff was caring for his new infant daughter." (Docket no. 51). Plaintiff concludes his statement with "Plaintiff's counsel will agree to new IME dates with Defendant's counsel for Plaintiff to attend." (Docket no. 51).

Rule 35 provides that the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "The order: (A) may be made only on motion for good cause shown and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(A), (B).

Plaintiff in his Statement agrees to attend new IME dates and does not deny that his psychological condition is in controversy. (Docket no. 51). Indeed, Plaintiff recently filed an Amended Witness List which adds two additional mental health treatment providers. (Docket no. 26). Plaintiff's Complaint alleges mental and emotional distress in his initial disclosures by stating that he "will claim compensatory damages for the mental distress he has suffered and continues to suffer as well as punitive damages and actual attorney fees." (Docket no. 1, 38-3).  "There are situations where the pleadings alone are sufficient to meet the 'in controversy' and 'good cause' requirements of Fed. R. Civ. P. 35.  A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). Based on Plaintiff's failure to file a Response to Plaintiff's Motion, no denial that Plaintiff's psychological condition is in controversy, Plaintiff's agreement to attend the rescheduled IMEs and his claims for damages in the pleadings, there is good cause to allow the IMEs. The Court will grant Defendant's Motion in part and order Plaintiff to attend the IMEs as set forth below. The Court will deny Defendant's Motion as to the request to dismiss Plaintiff's claim for non-economic/emotional distress damages.

With respect to Defendant's request for attorneys fees and costs and the costs incurred due to Plaintiff's failure to attend, Rule 37(b), Fed. R. Civ. P., allows the Court to sanction a party for failing to obey an order under Rule 35 or failing "to comply with an order under Rule 35(a) requiring it to produce another person for examination." Fed. R. Civ. P. 37(b). The Court may also order the disobedient party or the attorney advising the party, to pay the reasonable expenses caused by the failure. Fed. R. Civ. P. 37(b)(2). At the time Plaintiff failed to attend the IMEs there was no

3

Court order pursuant to Fed. R. Civ. P. 35 and no violation of the same. Defendant has not provided legal authority to the contrary. The Court will deny Defendant's request for costs and fees incurred by Plaintiff's failure to appear, including attorney's fees and costs in bringing this motion. The Court notes, however, that nowhere in Plaintiff's Statement of Resolved and Unresolved Issues does Plaintiff allege that anyone actually contacted Defendant's counsel at any time to notify that Plaintiff was unable to attend the IMEs. Plaintiff's Statement provides only that "Plaintiff contacted his counsel . . . and informed counsel that he was unable to attend the May 14, 2009 IME." With this Court's Order in place in this matter, further disregard by Plaintiff for the Defendant's, Defendant's counsel and Defendant's experts' time and expense will not be tolerated by the Court.

Defendant asks that the Court allow it to submit its expert report after the time specified in Fed. R. Civ. P. 26(a)(2) due to Plaintiff's failure to appear for the scheduled IMEs. Discovery in this matter was to be completed on April 21, 2009. (Docket no. 8). Lay and expert witness lists were due on February 20, 2009. (Docket no. 8). The final pre-trial conference is set for August 26, 2009. Under Rule 26(a)(2), Fed. R. Civ. P., expert witness disclosures and accompanying written reports are due at least 90 days before the date set for trial or for the case to be ready for trial unless otherwise stipulated to or ordered by the Court. Fed. R. Civ. P. 26(a)(2)(C). The trial is scheduled for the trailing docket for the term beginning on September 1, 2009. (Docket no. 8). Therefore, Defendant's witness report was due June 3, 2009. A Court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). Defendant has shown good cause to extend the scheduling order where Plaintiff failed to appear for two IMEs, both of which were scheduled to occur prior to the deadline for the disclosure of expert reports. The Court will grant Defendant's request to extend the

4

deadline to disclose the expert witness reports for the experts who will conduct the IMEs, as set forth below.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Claim For Non-Economic/Emotional Distress Damages And/Or To Compel Plaintiff's Attendance At Independent Medical Examinations (docket no. 38) is **GRANTED** in part as follows:

1. Plaintiff will appear for examinations at the offices of Elissa P. Benedek, M.D., in Ann Arbor, Michigan and Charles Clark, Ph.D., in Ann Arbor, Michigan, on a date(s) convenient to the parties and occurring on or before August 10, 2009;

2. Each examination of Plaintiff shall be completed in one half-day not exceeding four hours and the scope of the examination is limited to issues related to the damages and injuries alleged in Plaintiff's complaint and related pleadings and issues raised in the related medical records.

3. The current deadline for Defendant to produce its Rule 26 expert materials will be extended to August 24, 2009 as to Dr. Clark and Dr. Benedek only.

**IT IS FURTHER ORDERED** that Defendant's request to dismiss Plaintiff's claim for non-economic/emotional distress damages and request for costs and fees of expert witnesses for failure to appear and attorneys fees and costs in filing this motion are **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: July 15, 2009         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: July 15, 2009              s/ Lisa C. Bartlett
                                  Courtroom Deputy